CITY OF NEW ORLEANS *v.* BRANCH OF LOUISIANA STATE BANK.

The charter of the Louisiana State Bank exempts from taxation the banking houses of its branches, and all real estate acquired in the regular course of its business.

The assessment by the city authorities, on account of the subscription to railroad stock, and for the consolidated loan tax, is essentially a tax.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Labatt,* for plaintiff and appellant. *Hunton & Bradford,* for defendant.

MERRICK, C. J. This suit was instituted to recover of the defendant $2595 63, taxes levied upon the real estate of the defendants to meet the first installments of the subscription of the city of New Orleans to the Jackson and Great Northern Railroad Company, and to the Opelousas and Great Western Railroad Company, and also to meet the consolidated loan tax of the city.

The Bank contends, that by the 17th section of her act of incorporation, her real estate is exempt from taxation. The last paragraph of this section is in these words, viz:

" And the stock of, and real estate belonging to said Bank, shall, forever during the continuance of its charter, be exempt from the payment of any State tax, and from the payment of any tax laid by any parish or other body, public or corporate, under the authority of this State."

The language of the charter of the Bank is comprehensive, and clearly embraces any real estate which the Bank may possess in the regular course of its business, as a banking institution. There is nothing in the record to show that the property owned by the Bank was acquired in any other manner, or that it is held for any other purpose.

The assessment made under the Act of the Legislature, approved 12th March, 1852, providing for the subscription of stock in works of internal improvement by parishes and municipal corporations, is essentially the assessment of a tax. The contingent benefit which the tax-payer may or may not derive from the stock, does not, in our opinion, change its character. Like other taxes, it is assessed; it is collected by the Tax Collector, and goes into the city treasury to constitute the fund to meet the subscriptions of stock. It is designated by the Act of the Legislature, authorizing the subscription of stock, as a tax. We think, therefore, that the attempt of counsel to distinguish the assessment from a tax, has failed, and that the case of *Municipality No. One* v. *The Louisiana State Bank,* 5 Ann., 397, is decisive of this.

Finding no error in the judgment of the lower court, which is in favor of the defendant, it is ordered that the same be affirmed, with costs.